Good morning, Your Honor. Good morning, Mr. Castle. Mark Williman on behalf of Mr. Soto-Lara. May it please the court. I'm going to ask an accommodation from the court this morning. I have a little bit of a head cold, so I apologize. I can't hear very well. So if I ask you repeat simply, I just can't hear. I don't mean to be cute, but as a kid growing up in a Jewish neighborhood in New York, you learned there was no such thing as kosher ham. It doesn't exist. And with that line, what I'd like to do is there can't be a felon who is, reserves the right to bear arms any time in his future. And in this particular case, the evidence is quite clear that when the judge sentenced Mr. Soto-Lara to his offense for his crime of violence, which it is a crime of violence in California, it reserved him the right to bear arms in 10 years. And by that very act, under California law, he is not a felon. And at this point, the government, I think, and as Judge Kaczynski said, is that if you've got the right to bear arms, you are not a felon. And that's what the evidence is here today, Your Honor. So I'd ask the court to consider the fact that Soto-Lara reserved the right to bear arms, and if the court would look at the supplemental report which the government gave the court, I believe at page 5 of that report, Mr. Soto-Lara initialed the document which said that he had, and he was agreeing to, the loss of his gun privileges for 10 years. What I think the confusion was between the government and Mr. Soto-Lara is that the focus of crime of violence is both misdemeanor and felony, and you can have a misdemeanor crime of violence. Let me ask you, because I'm not sure that you addressed this in your briefs, but as I understand it, Penal Code Section 273.5a is a wobbler under California law, which means it's a felony, but it could be sentenced as a misdemeanor. Correct. Correct? Isn't that, isn't what happened here that he was sentenced as a felon? One would think that, Your Honor, and I was. Well, that's what the records seem to indicate. No, what happens is the confusion. Well, the superior court docket sheet indicates that he pled guilty to count one of the information. That's correct. Count one of the information was a felony. That's correct. So an imposition of sentence was suspended. So if you go to the circumstances under 17b of the penal code under which a wobbler can be treated as a misdemeanor, none of those circumstances seem to fit here. I would agree with the court. The only thing that I don't disagree with, that I disagree with the court is that the sentence, the pre-sentence or the pre-sentencing document, the plea agreement, Mr. Sotolara basically pled guilty to an open plea agreement, and that open plea agreement put the decision for his sentence where it should be, in the judge's hands. That's what you all are the arbiter of the sentence. When you talk about pre-sentence report, are you talking about in the United States district court, or are you talking about his, when he was sentenced for his 270, PC 273 offense? Correct. The California Superior Court judge was given the authority, and Mr. Sotolara agreed with the state of California that he would subject himself to whatever sentence the court gave him, be it a misdemeanor or a felony. One thing we do know, if you look at status, if you look at the state's excerpt of record, or the government's supplemental excerpt of record, at page five, Mr. Sotolara initialed a component that says that his rights were reserved, his gun rights were reserved for 10 years, or suspended for 10 years. And under California Penal Code 12021C1, that only is available for misdemeanors. Well, maybe the judge made a mistake in allowing that. Well, that mistake is repeated, not just on one document. It's repeated with Mr. Sotolara's initials. It's repeated again in the... I understand that. But if the judge was under the misapprehension that he could do this, even though it was a felony... Judge, one of the things that we need to look also is what kind of notice is available. When Mr. Sotolara was deported, another government official looked at the documentation, and it didn't put down that he was being deported for committing an aggravated felon. He was being deported for coming into the country without permission and nothing more, even though that more serious notice is available on that deportation document. So what I'm saying is that all the evidence that we have available to us indicates that Mr. Sotolara was not sentenced as a felon. He was sentenced as a misdemeanant. Okay, well, just tell me then, under what provision of 17B of the Penal Code does your argument fit? It falls under the first component of 17B. I believe there's one, and then there's an or. And it falls, if the court were to look at California Penal Code 12021C1, basically that particular statute is the one that says that when a defendant is sentenced as a misdemeanant, his second amendment rights are suspended for 10 years. That doesn't occur if the defendant was sentenced as a felon. It just cannot happen. So what we have is mutually exclusive concepts. You cannot be a felon and have your rights, your second amendment rights suspended for 10 years. It just doesn't exist. And we have that theme repeated over and over and over again. So I understand the confusion, and that's why we're here today, so this court can consider it. Your argument, you just advanced. I still, I failed to see how it fits within one of these provisions of 17B, 1 through 5. Okay, Your Honor, let's go another direction. No, I just want to stick with, I would just like to stick with the statute. Well, the problem is, is that nothing fits. There's nothing wrong with the statute. You know, it says what happens to a wobbler. When I was an immunity court judge in L.A., we used to, and I used to, as a sentencing judge for the superior court, we used to do this all the time. We'd work with 17B because lots of crimes were charged as wobblers. And oftentimes we would, at the end of a preliminary hearing, declare a crime to be a misdemeanor. Or we would sentence somebody and say that it was being sentenced as a misdemeanor. We'd fit it within one of the provisions under 17B. But this wasn't charged as a misdemeanor. It was charged as a felony. I agree with you. The problem is, is the result. At the end of the day, when the judge finally sentenced Sotolara, he sentenced him in the terms and conditions that fit well within the world of a misdemeanor. And the only reason we know that is because you cannot have a felon who has his rights restored 10 years in the future. It just doesn't exist. And the last thing the Court needs to be aware of is that if the government could show that the 150 days that Mr. Sotolara received was part and parcel of probation, I would agree with the government. I wouldn't be here today. But it's not we don't have that documentation either. We don't see where the 150 days was part of a probation. That was his sentence. Now, it wasn't a sentence. Imposition of sentence. Under your view of the case, what should the appropriate sentencing range be? It's supposed to be a plus. It just should be 8. He should be at level 8. There was no aggravated felon. There's no felony. There should be nothing. He should have just been. What specifically would be the sentencing range that you would argue as appropriate? One to seven months. One to seven? Yes, one to seven. One to seven. And in the case that he was convicted for in California, when the judge decided to sentence him to jail, that was limited to the six-month period. He can't go more than one year, I believe. I'd like to reserve the... Well, never mind. Let's save your minute for rebuttal. Good morning. May it please the Court. My name is Matthew Tassel. I represent the government. The district court did not err when it determined the appellant's conviction for domestic battery with corporal injury was a felony crime of violence. I'd like to start where the appellant left off in his briefings to the court. He puts a lot of emphasis on the dissenting opinion that Judge Kaczynski made in the Corona-Sanchez case. And not necessarily the text of the opinion, but more just the spirit of it. Judge Kaczynski is really highlighting the massive difference between a felony and a misdemeanor. I don't think I need to educate the court on the drastic difference there. Today, there are millions of defense attorneys probably harassing prosecutors to get that misdemeanor plea. And the reason why is because it's such a big difference. And that is the reason why, if this appellant were made a misdemeanant when he was sentenced for 273.5A, it would be all over the plea paperwork. The appellant wouldn't have to pick out a 10-year weapons ban in order to make his argument. It would say misdemeanor on the plea paperwork. He was charged with a felony. As the courts already pointed out, he was charged with a felony. He pled to count one, which is a felony. It says felony complaint. It says felony plea. And not only that, you also have, in his sentence recommendation and his plea paperwork, you have the misdemeanor fine, which is crossed out. And the felony fine is written in, $400 instead of $200. You have the defendant who initialed that he was advised of his parole rights. You don't advise a defendant of their parole rights. Yes, ma'am. Was the court wrong in allowing restoration of his right to carry a gun after 10 years? Yes, ma'am. Just flat out, I mean, I've reviewed, we've reviewed the paperwork in this. I don't really have an explanation for the court as to why that 10 years is there. But I don't think that you can jump from that mistake in paperwork and say that the court... Or maybe it's not paperwork, it's a right. Oh, yes, ma'am. But I think that if the court had intended to sentence the defendant as a misdemeanor, there would be more than just 10 years. That really is what, it's the crux of everything that we're talking about here. There's more than just one indicator that this was actually a felony. You've got the felony complaint, the felony plea, parole rights. You've got the misdemeanor fine that's crossed out. The weight of the evidence here is that this appellant pled to a felony and it was never converted to a misdemeanor. That's essentially what I'm here to tell the court. I'm open to your questions. Let's see. Judge Hunt? Any questions? No questions. Thank you. Okay. Your Honor, you bring up a very good point. These aren't just documents. These are rights. And that particular point is repeated over and over again. It's initialed by the defendant and agreed to by the judge. One of the questions then under the rule of lenity, if an individual is going to come back here, he needs to be given fair notice that he's facing a higher level of sentence should he come back. And even if we use the rule of lenity, the fact that he wasn't given any notice that he'd be facing a higher sentence when he returned, I think that should also inure to Mr. Sotolaro's benefit. So for these reasons, Your Honor. Did you make that argument in your brief? No, but I just heard the court consider that and Mr. Roecastle bring that up. And it just says it doesn't seem fair that the defendant was told, never told, that he was convicted of something that eventually could face this kind of time for coming back. It just doesn't seem fair. Okay. Thank you, Your Honor. Good morning. Thank you. Thank you for your arguments, counsel. The matter is submitted at this time.
judges: Hug, Fletcher, Paez